UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **PACE INDUSTRY UNION-MANAGEMENT PENSION FUND and its TRUSTEES: STAN JOHNSON, DALE OLSON, JON GEENEN, TIMOTHY SUDELA, GARY BEEVERS, LISA SILVERMAN, JAMES KIDDER, and MARK ENTRINGER,** 3320 Perimeter Hill Drive Nashville, TN 37211-4123 **Plaintiffs,** v. **CONVOY, INC.,** P.O. Box 8589 Canton, OH 44711 Serve: Phillip M. Dannemiller 1443 Harbor Dr. NW Canton, OH 44708 **Defendant.** | Case No. _____ |

## COMPLAINT

Plaintiffs, by counsel, hereby complain of Convoy, Inc. ("Defendant") as follows:

### INTRODUCTION

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1001 *et seq.* (1982). Plaintiffs seek a money judgment awarding delinquent contributions, interest, liquidated damages, and attorneys' fees and costs as a result of Defendant's failure to pay contributions required by a collective bargaining agreement between the parties.

1

2. Plaintiffs also seek injunctive relief pursuant to ERISA and pursuant to the Labor Management Relations Act of 1948 ("LMRA"), to enjoin the prospective failure of Defendant to make contributions due to the Fund in violation of Section 515 of ERISA, 29 U.S.C. § 1145, and in violation of the provisions of the Trust Agreement governing the Fund.

## Jurisdiction and Venue

3. Jurisdiction of this Court arises pursuant to 28 U.S.C. §§ 1331 and 1337 (federal questions and commerce) and Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. §185.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Fund is administered in Nashville, Tennessee.

## Parties and Background

5. Plaintiff PACE Industry Union-Management Pension Fund (the "Fund") is a multi-employer employee benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and 1002(37).

6. Plaintiffs Stan Johnson, Dale Olson, Jon Geenen, Timothy Sudela, Gary Beevers, Lisa Silverman, James Kidder, and Mark Entringer are Trustees of the Fund (collectively, the "Trustees"). The Trustees are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Fund is administered in Nashville, Tennessee. The Trustees bring this action on behalf of the Fund and its participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, and Section 301 of the LMRA, 29 U.S.C. § 185.

7. Upon information and belief, Defendant Convoy, Inc. is a corporation organized under the laws of the State of Ohio with corporate headquarters at 1443 Harbor Drive, NW, Canton, OH 44708.

8. At all times pertinent to this action, Defendant was an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

9. Defendant and the USW International Union and its Local 5-460, have been, at all times pertinent to this action, parties to one or more collective bargaining agreements ("Agreements") obligating Defendant to make monthly payments to the Fund for all employees covered by the Agreements.

10. Defendant also was party to a Standard Form of Agreement for Participation in the Fund ("Participation Agreement") at all times pertinent to this action. The terms of the Participation Agreement obligated the Defendant to be bound by the terms and provisions of the Fund's Agreement and Declaration of Trust ("Trust Agreement"), including all amendments thereto.

11. The Participation Agreement and the Trust Agreement require Defendant to submit monthly pension contributions to the Fund.

12. The Trust Agreement binds Defendant to the Fund's policies and rules regarding the collection of delinquent contributions that are adopted by the Trustees ("Delinquency Policy").

13. The Delinquency Policy requires Defendant to submit monthly remittance reports and pension contributions to the Fund.

14. Defendant submitted remittance reports for the months of June 2009 through October 2010, but it did not pay contributions owed for that time period. Defendant did not submit remittance reports for the months of November through May 2011, nor did it pay contributions for those months.

15. Because Defendant did not provide remittance reports to the Fund for the months of November 2010 through May 2011, the Fund estimated, based on Defendant's prior contribution history, that Defendant owed the Fund at least $500 in pension contributions for each of the months of November 2010 through May 2011.

16. Based on the remittance reports submitted by Defendant and the Fund's estimate, the Fund determined that Defendant owes the Fund an estimated $11,862.61 in pension contributions for the months of June 2009 through May 2011 plus interest.

17. In addition, pursuant to the Pension Protection Act of 2006 (the "PPA"), ERISA Section 305(e)(7), 29 U.S.C. § 1085(e)(7), an employer is obligated to pay a surcharge on contributions otherwise owed under the collective bargaining agreements when the fund is in "critical" status. The surcharge is 5 percent during the first year of critical status and 10 percent for each of the following consecutive years of critical status and continues to apply until the Fund emerges from critical status or the employees are covered by a collective bargaining agreement that includes terms consistent with a rehabilitation plan schedule presented by the Fund's plan sponsor to the employer. Pursuant to ERISA Section 305(e)(7)(B), 29 U.S.C. § 1085(e)(7)(B), failure to pay the surcharge is treated as a delinquent contribution under Section 515 of ERISA, 29 U.S.C. § 1145, and is enforceable as such.

18. The Fund's actuary initially certified the Fund to be in "critical" status pursuant to ERISA Section 305(b) for the Plan Year beginning January 1, 2009, and the Fund has remained

in critical status to the present. The Defendant has not adopted a collective bargaining agreement that includes terms consistent with the Fund's rehabilitation plan schedule, which was provided to the Defendant on July 30, 2010. Therefore, Defendant is obligated to pay a surcharge of 5 percent on contributions otherwise required under the Agreements during the Plan Year beginning January 1, 2009 and 10 percent on contributions otherwise required under the Agreements from the Plan Year beginning January 1, 2010 to the present.

19. As required by the PPA, Defendant owes the Fund a surcharge in the amount of $457.08 plus interest from June 2009 to May 2011.

20. On February 3, 2011, counsel to the Fund sent a letter notifying Defendant that Defendant owed the Fund delinquent pension contributions, interest, liquidated damages, and attorneys' fees and costs in connection with failure to pay contributions owed from June 2009 to May 2011. Defendant failed to respond to the Fund's demand for payment. Defendant has not made any further payments to the Fund.

21. As of the date of filing, Defendant owes the Fund at least $12,319.69 in pension contributions, including the surcharge required under the PPA, $2,931.07 in interest, $2,931.07 in liquidated damages, and attorneys' fees and costs for the months of June 2009 through May 2011.

22. Defendant has failed to make the required payments due to the Fund, despite its obligation to do so under Section 515 of ERISA, 29 U.S.C. § 1145, the Agreements, the Participation Agreement, and the Trust Agreement.

## COUNT I
## VIOLATIONS OF ERISA AND THE TRUST AGREEMENT

23. Plaintiffs incorporate the foregoing Paragraphs as if stated herein.

24. By the foregoing conduct, the Defendant has violated Section 515 of ERISA, 29 U.S.C. § 1145.

25. Defendant owes $12,319.69 in pension contributions, including the surcharge, for the months of June 2009 through May 2011.

26. Under Section 502(g)(2) of ERISA, the Fund is entitled to recover the unpaid contributions, interest, liquidated damages, and attorney's fees as part of its recovery for violations of Section 515.

27. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Participation Agreement, the Trust Agreement, and the Delinquency Policy, the Fund is entitled to liquidated damages in an amount equal to the greater of 20% of the delinquent amount or interest that has accrued on the delinquency. As of the date of this filing, Defendant owes $2,931.07 in liquidated damages, which is equal to the amount of interest owed.

28. Effective January 1, 2009, the Fund's Delinquency Policy states that the Fund may assess interest at the rate of 12 percent per annum on the amount of outstanding delinquent contributions thereafter. As of the date of this filing, Defendant owes at least $2,931.07 in interest to the Fund.

29. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Participation Agreement, the Trust Agreement, and the Delinquency Policy, attorneys' fees accrued in collection of the unpaid contributions also are owed.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs request a judgment against Defendant for all amounts due to Plaintiffs at the time this cause reaches judgment and other relief:

(a) Award to Plaintiffs all of the sums due the Funds under the terms of the Participation Agreement, the Trust Agreement, the Delinquency Policy, Sections 502 and 515 of ERISA, 29 U.S.C. § 1132 and 1145, and Section 301 of LMRA, 29 U.S.C. § 185, including (i) delinquent contributions, including the surcharge, in the estimated amount of $12,319.69 for the months of June 2009 through May 2011; (ii) interest on all amounts due, from the dates they become due and owing as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) to the date paid or the date of judgment at a rate of 12 percent in the amount of at least $2,931.07; (iii) liquidated damages as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2) in the amount of no less than $2,931.07; (iv) the attorneys' fees and costs incurred by the Fund in pursuing the delinquent amounts as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); and (v) additional amounts which may become delinquent during the pendency of this action or which become ascertainable based on the Fund's review of the Defendant's employment records;

(b) An injunction requiring Defendant, Defendant's officers, agents, servants, attorneys, successors, assigns, and all persons acting on its behalf: (i) to file the required remittance reports due to the Fund for all periods for which Defendant is obligated to file such reports with the Fund under the terms of any collective bargaining agreement and the Participation Agreement; (ii) to pay to Plaintiffs all monies due, including contributions due through the date of judgment and thereafter, liquidated damages, interest from the date payment was due until paid, or through the date of judgment, and for all other periods for which the Defendant is obligated to make payments to the Fund under the terms of a collective bargaining agreement; and (iii) to permit an audit of wage, payroll, and personnel records for all periods for

which Defendant is obligated to contribute to the Fund and to pay all contributions, interest, and liquidated damages discovered in such audit and the costs of such audit;

(c) Order Defendant to pay Plaintiffs' attorneys' fees and the costs of this action, including fees and costs incurred in the execution of any judgment awarded, as set forth in the Fund's Trust Documents and Section 502(g) of ERISA, as amended, 29 U.S.C. § 1132(g); and

(d) Grant Plaintiffs such further and other relief as may be just and proper.

Respectfully Submitted,

/s/Michael Hamilton
Michael Hamilton (Bar # 10720)
mhamilton@provostumphrey.com
PROVOST UMPHREY LAW FIRM LLP
2021 Richard Jones Road, Suite 300
Nashville, TN 37215
Phone: (615) 269-8892
Fax: (615) 256-5922

*Counsel for Plaintiffs*

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

324519v1